UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDRICK BANKS,<br><br>                                 Plaintiff,<br>    v.<br>S.A. ROBERT WERNER, et al.,<br>                                Defendants. | Case No. 2:16-cv-01154-GMN-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

      This matter is before the Court on Plaintiff Fredrick Banks' Application to Proceed *In Forma Pauperis* (ECF No. 1), filed May 19, 2016. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

      Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons and is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Plaintiff has requested authority to proceed IFP in this action; however, his IFP Application is incomplete. LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[1] (2) a copy of his or her inmate trust account statement for the six-month period prior to filing,[2] and (3) a signed affidavit showing an inability to prepay fees

---

[1] LSR 1-2 provides:
> An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[2] 28 U.S.C. § 1915(a)(2) states:
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the

1

and costs or give security for them.[3]  Additionally, LSR 1-1 states that an IFP "application shall be made on the form provided by the Court." *Id*.  The District of Nevada has adopted two types of IFP applications, one for prisoners and a "Short Form" for non-incarcerated persons.  The financial affidavit required for prisoners differs from the "Short Form" for non-incarcerated litigants; thus, prisoners must submit the correct form for the Court's review.

At the time Plaintiff filed his IFP application, he was incarcerated at a federal prison.  However, Plaintiff submitted a hand-written request to proceed IFP on a blank piece of paper.  Because Plaintiff did not use the court's form, his IFP Application does not contain the appropriate financial information and affidavit for incarcerated litigants or financial certificate as required by § 1915(a) and LSR 1-2.  Although Plaintiff may qualify to proceed IFP, the Court cannot determine the amount of the initial partial filing fee because he has not submitted the correct application and supporting documents.  Therefore, the Court will deny Plaintiff's IFP Application without prejudice.

In addition, Plaintiff failed to submit the correct form complaint for incarcerated litigants.  LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint filed by a person who is not represented by counsel *shall be on the form provided by this Court*." *Id*. (emphasis added).  Plaintiff submitted a complaint on a plain sheet paper, not the court's approved form.  If Plaintiff wants to move forward with his claims, he must submit the correct IFP application along with an amended complaint on the court's approved form.  Thus, the Clerk of the Court will be directed to mail Plaintiff a blank IFP application and civil rights complaint along with the instructions for

---

    affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(emphasis added).

[3] 28 U.S.C. § 1915(a)(1) states:
    any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

1   completing the forms. *See* INFORMATION & INSTRUCTIONS FOR FILING CIVIL RIGHTS COMPLAINT

2   PURSUANT TO 42 U.S.C. § 1983 IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA.[4]

3   Plaintiff is further cautioned to make sure that his filings are written clearly and legibly

4   so that the Court can read the text of the filings.

5   Accordingly,

**IT IS ORDERED:**

1. Plaintiff Fredrick Banks' Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.
2. The Clerk of Court SHALL MAIL Plaintiff: a blank IFP application for incarcerated litigants along with instructions for completing the application.
3. Plaintiff must file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account.
4. Plaintiff shall have until **August 4, 2016**, to file a new IFP application.
5. Alternatively, Plaintiff shall pay the filing fee of four hundred dollars ($400.00), accompanied by a copy of this Order, on or before **August 4, 2016**.
6. Plaintiff's failure to comply with this Order by (a) submitting a new IFP application, or (b) paying the filing fee before the **August 4, 2016,** deadline will result in a recommendation to the District Judge that this case be dismissed.

**IT IS FURTHER ORDERED:**

1. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1), but SHALL NOT issue summons.
2. Plaintiff's Complaint is DISMISSED with leave to amend.
3. The Clerk of Court SHALL MAIL Plaintiff a blank form complaint for § 1983 civil rights actions along with instructions for completing the form.
4. Plaintiff shall have until **August 4, 2016**, to file an amended complaint. The

---

[4] The civil rights complaint form and instructions are also available for download on the Court's website at http://www.nvd.uscourts.gov/Forms.aspx (last visited July 5, 2016).

3

amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

5. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" in the caption on the first page and write 2:16-cv-01154-GMN-PAL in the space for "Case No."

6. Plaintiff's failure to comply with this Order by submitting an amended complaint on the correct form before the **August 4, 2016,** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 5th day of July, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE